John J. CONNELLY, Plaintiff-Appellant,

v.

JOSEPH SCHLITZ BREWING
COMPANY, a corporation,
Defendant-Appellee.

No. 78–2588
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1979.

Rehearing Denied Aug. 29, 1979.

Larry R. Daves, Tyler, Tex., for plaintiff-appellant.

John M. Smith, Longview, Tex., Reinhart, Boerner, VanDeuren, Norris & Rieselback, Paul V. Lucke, Milwaukee, Wis., for defendant-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

GODBOLD, Circuit Judge:

 In this case brought under the Age Discrimination in Employment Act,[1] in a trial before a jury the district court granted a directed verdict for defendant at the close of plaintiff's case on the ground that plaintiff was not discharged but quit. The court was correct in that plaintiff had failed to make out a prima facie case on his claim that he was discharged because of his

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. 29 U.S.C. § 621 et seq.

age.[2] But plaintiff had made out a prima facie case of failure to rehire—he belonged to a protected class, he was not rehired, he was replaced by a younger person outside the class, and he was qualified to do the job. The burden shifted to Schlitz to demonstrate reasonable factors other than age for the refusal to rehire. It urges many of these reasons to us, but we do not sit as jurors. Schlitz's major argument is that no job was available when plaintiff asked to be rehired, but this argument does not dispose of the case. Schlitz had offered the job to another person, but later the offer was refused and still later Schlitz hired a younger person, outside the protected class, to fill the job.

REVERSED.

---

2. The standards for a prima facie case set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), apply in age discrimination cases. *Marshall v. Westinghouse Elec. Corp.,* 576 F.2d 588 (CA 5, 1978).

